# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OCTAVIO JAMAL HENDERSON,<br><br>Plaintiff,<br><br>v.<br><br>BAKERSFIELD POLICE DEPARTMENT,<br><br>Defendant. | Case No. 21-cv-01771-DAD-BAK<br><br>SCREENING ORDER GRANTING PLAINTIFF LEAVE TO FILE AN AMENDED COMPLAINT<br><br>(ECF No. 1)<br><br>THIRTY DAY DEADLINE |

Octavio Jamal Henderson ("Plaintiff"), proceeding pro se and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983. Currently before the Court is Plaintiff's complaint, filed on December 15, 2021. (ECF No. 1.)

## I.

## SCREENING REQUIREMENT

Notwithstanding any filing fee, the court shall dismiss a case if at any time the Court determines that the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); see Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (section 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners); Calhoun v. Stahl, 254 F.3d 845 (9th Cir. 2001) (dismissal required of in forma pauperis proceedings which seek monetary relief from immune defendants); Cato v. United States, 70

1

F.3d 1103, 1106 (9th Cir. 1995) (district court has discretion to dismiss in forma pauperis complaint under 28 U.S.C. § 1915(e)); Barren v. Harrington, 152 F.3d 1193 (9th Cir. 1998) (affirming sua sponte dismissal for failure to state a claim). The Court exercises its discretion to screen the plaintiff's complaint in this action to determine if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

In reviewing the pro se complaint, the Court is to liberally construe the pleadings and accept as true all factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 556 U.S. at 678. "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557). Therefore, the complaint must contain sufficient factual content for the court to draw the reasonable conclusion that the defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678.

## II.

## COMPLAINT ALLEGATIONS

Plaintiff filed this complaint while incarcerated, however the allegations described occurred in relation to an incident that led to his arrest. Plaintiff is not challenging his conditions of confinement. The Court accepts Plaintiff's allegations in the complaint as true *only* for the purpose of the *sua sponte* screening requirement under 28 U.S.C. § 1915.

The caption page of the complaint identifies the Bakersfield Police Department as the only Defendant. (Compl. 1,[1] ECF No. 1.) In the section where Plaintiff is to list the Defendants, the police department is not named, but rather Plaintiff names three police officers as Defendants: (1) Keith Schlecht ("Schlecht"), sued in their official capacity, identified as a detective; (2) Eby Bailey ("Bailey"), sued in their official capacity, identified as a police officer; and (3) Cory Blanchard ("Blanchard"), sued in their individual capacity, and identified as a police officer. (Compl. 3.)

In the section of the complaint where Plaintiff is to describe how each Defendant was acting under color of law, Plaintiff alleges that Defendant Schlecht failed to fully investigate an incident that occurred on June 19, 2020. (Compl. 3.) Plaintiff states that "[a]long with responding officers, they decided to accept the events that were described by the driver of the [vehicle] that ran me over. He also used [an] incorrect social security number to obtain [a] false arrest warrant." (Compl. 3.) Plaintiff states that Defendant Bailey "[f]ailed to investigate [the] incident . . . and accepted [the] alleged victim[']s version of events due to racial bias against me." (Compl. 3.) Similarly, Plaintiff states that Defendant Blanchard "[f]ailed to fully investigate [the] incident . . . and accepted [the] alleged victim[']s versions of events due to racial bias against me." (Compl. 3.)

In the next section of the complaint where Plaintiff is to describe his claim, states that he was not afforded the right to competent legal assistance; there was abuse of power by the detective and police officers; Plaintiff was not given any opportunity to review evidence; a false arrest warrant was requested using an incorrect social security number; the entire justice process was not followed; and finally, that the two witnesses that were in the car with Plaintiff were not interviewed. (Compl. 4.) In further describing the incident, Plaintiff states that:

> On the day (evening) that I was hit by the car, all of the police officers accepted the description of events described by the defendant. I was questioned only one time, and I was in the hospital with a head injury. The detective who was put in charge of the investigation did not investigate what happened. I called

---

[1] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

>him to check on the status of the investigation and I was told I was the one that was going to be arrested. No other time was there any contact between us. In December 2020, a bounty officer arrived at the house with an arrest warrant with a $67,000.00 bail for vandalism. We noticed that the social security number was incorrect, one of the digits was changed. The 911 officer who answered the original call refused to send assistance before I was hit.

(Compl. 4-5.)

For the reasons discussed below, Plaintiff has failed to state a claim for a violation of his federal rights. Plaintiff shall be provided the opportunity to file an amended complaint to attempt to correct the deficiencies at issue.

## III.

## DISCUSSION

### A.  Federal Rule of Civil Procedure 8

Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002) (citation and internal quotation marks omitted). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted). This is because, while factual allegations are accepted as true, legal conclusions are not. Id.; see also Twombly, 550 U.S. at 556-57; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). Therefore, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citations and internal quotation marks omitted).

As currently pled, Plaintiff's complaint does not contain enough factual details to permit the Court to draw the reasonable inference that any of the Defendants are liable for the misconduct alleged. Iqbal, 556 U.S. at 678. Plaintiff's allegations are vague and conclusory

4

statements that his rights were violated because the police officers who responded to an incident allegedly believed the other person's story over Plaintiff's. The actual events that occurred on June 19, 2020 (or 2019)[2], are not described in sufficient detail for the Court to understand what happened between Plaintiff, the other party involved, and the officers. These conclusory statements, insufficiently supported by factual details, do not suffice to state any claim against any of the Defendants.

For these reasons, Plaintiff's complaint fails to comply with Rule 8's pleading standard. If Plaintiff chooses to file an amended complaint, he should consider the legal standards the Court provides in the following sections.

**B.      Abstention**

Under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief except under special circumstances. Younger v. Harris, 401 U.S. 37, 43-54 (1971). Younger abstention is required when: (1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue. Middlesex County Ethics Comm. V. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982); Dubinka v. Judges of the Superior Court, 23 F.3d 218, 223 (9th Cir. 1994). The rationale of Younger applies throughout the appellate proceedings, requiring that state appellate review of a state court judgment be exhausted before federal court intervention is permitted. Dubinka, 23 F.3d at 223. This Court will not interfere in the on-going criminal proceedings currently pending against Plaintiff in state court.

Plaintiff's complaint does not clearly describe whether he has been convicted of the charges relating to the incident in question, or if his state court proceedings are ongoing. Accordingly, to the extent Plaintiff seeks relief pertaining to state court proceedings that are ongoing and that provide their own review and procedural processes for addressing any constitutional violations that have not been exhausted, the Court will not interfere in such

---

[2] Plaintiff's complaint states the date of the incident occurred both in 2019 and 2020.

ongoing proceedings. To the extent Plaintiff has already been convicted, the Court finds the complaint would be insufficient for the reasons explained in the next subsection regarding habeas relief.

      **C.     Habeas Relief**

"Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for writ of habeas corpus, 28 U.S.C. § 2254, and a complaint under . . . 42 U.S.C. § 1983." Muhammad v. Close, 540 U.S. 749, 750 (2004) (per curiam). "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a § 1983 action." Id. (internal citation omitted). It has long been established that state prisoners cannot challenge the fact or duration of their confinement in a section 1983 action and their sole remedy lies in habeas corpus relief. Wilkinson v. Dotson, 544 U.S. 74, 78 (2005). Often referred to as the favorable termination rule or the Heck bar, this exception to section 1983's otherwise broad scope applies whenever state prisoners "seek to invalidate the duration of their confinement-either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody." Wilkinson, 544 U.S. at 81; Heck v. Humphrey, 512 U.S. 477, 482, 486-487 (1994); Edwards v. Balisok, 520 U.S. 641, 644 (1997).

In Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court held that in order to recover damages for alleged "unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." 512 U.S. at 486. Thus, "a state prisoner's § 1983 action is barred (absent prior invalidation)-no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)-*if* success in that action

1 would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson, 544
2 U.S. at 81-82.

3     Plaintiff's complaint is unclear as to whether he has already been convicted of a crime in
4 relation to the incident in question. If Plaintiff has not had his sentence declared invalid, or if
5 Plaintiff is challenging any part of his sentence that has not been declared invalid, the proper
6 avenue to seek relief is by way of habeas corpus petition filed pursuant to 28 U.S.C. § 2254.
7 Accordingly, to the extent Plaintiff wishes to challenge the fact or duration of his confinement
8 which has not been declared invalid by the state court, he must file a habeas corpus petition.

9     **D.    Section 1983, Supervisory Liability, and Municipal Liability**

10     Section 1983 provides a cause of action for the violation of a plaintiff's constitutional or
11 other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d
12 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006);
13 Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). To state a claim under section 1983, a
14 plaintiff is required to show that (1) each defendant acted under color of state law and (2) each
15 defendant deprived her of rights secured by the Constitution or federal law. Long, 442 F.3d at
16 1185 (9th Cir. 2006). There is no *respondeat superior* liability under section 1983, and
17 therefore, each defendant is only liable for his or her own misconduct. Iqbal, 556 U.S. at 677.
18 To state a claim, Plaintiff must demonstrate that each defendant personally participated in the
19 deprivation of his rights. Jones, 297 F.3d at 934.

20     In other words, to the extent Plaintiff is attempting to make a claim against an officer that
21 was not personally involved but was only acting as a supervisor over an officer, Plaintiff cannot
22 state a claim unless they were personally and directly involved in the violation of his rights. As
23 the Court found above, Plaintiff's complaint contains insufficient factual details, and specifically
24 here, there are insufficient factual details to determine if Plaintiff is alleging direct involvement
25 by the named officers or is inferring an allegation from their presence at the scene in relation to
26 other officers.

27     Additionally, as noted above, Plaintiff may be attempting to name the Bakersfield Police
28 Department as a named Defendant. A local government unit may not be held responsible for the

7

1  acts of its employees under a *respondeat superior* theory of liability. Monell v. Department of
2  Social Services, 436 U.S. 658, 691 (1978).  Rather, a local government unit may only be held
3  liable if it inflicts the injury complained of through a policy or custom.  Waggy v. Spokane
4  County Washington, 594 F.3d 707, 713 (9th Cir. 2010).  Generally, to establish municipal
5  liability, the plaintiff must show that a constitutional right was violated, the municipality had a
6  policy, that policy was deliberately indifferent to plaintiff's constitutional rights, and the policy
7  was "the moving force" behind the constitutional violation. Bd. of Cty. Comm'rs of Bryan Cty.,
8  Okl. v. Brown, 520 U.S. 397, 400 (1997); Burke v. County of Alameda, 586 F.3d 725, 734 (9th
9  Cir. 2009); Gibson v. County of Washoe, Nev., 290 F.3d 1175, 1185-86 (9th Cir. 2002).  "The
10 custom or policy must be a 'deliberate choice to follow a course of action . . . made from among
11 various alternatives by the official or officials responsible for establishing final policy with
12 respect to the subject matter in question.' "  Castro v. Cty. of Los Angeles, 833 F.3d 1060, 1075
13 (9th Cir. 2016) (quoting Pembaur v. City of Cincinnati, 475 U.S. 469, 483 (1986)).

14      A failure to train may establish liability where such omission of training amounts to
15 deliberate indifference to a constitutional right.  Clouthier v. Cty. of Contra Costa, 591 F.3d
16 1232, 1249-50 (9th Cir. 2010), overruled on other grounds by Castro, 833 F.3d 1060.  This
17 standard is met when "the need for more or different training is so obvious, and the inadequacy
18 so likely to result in the violation of constitutional rights, that the policymakers of the city can
19 reasonably be said to have been deliberately indifferent to the need." Id. at 1249 (quoting City of
20 Canton v. Harris, 489 U.S. 378, 390 (1989).  "For example, if police activities in arresting
21 fleeing felons 'so often violate constitutional rights that the need for further training must have
22 been plainly obvious to the city policymakers,' then the city's failure to train may constitute
23 'deliberate indifference.' "  Id.  "Only where a failure to train reflects a 'deliberate' or
24 'conscious' choice by the municipality can the failure be properly thought of as an actionable
25 city 'policy.' "  City of Canton, 489 U.S. at 379.  "A pattern of similar constitutional violations
26 by untrained employees is 'ordinarily necessary' to demonstrate deliberate indifference for
27 purposes of failure to train." Connick v. Thompson, 563 U.S. 51, 62 (2011) (citation omitted).
28      A plaintiff seeking to impose liability upon a municipality is required to identify the

policy or custom that caused the constitutional injury.  Bd. of Cty. Comm'rs of Bryan Cty., Okl., 520 U.S. at 403.  If Plaintiff is attempting to bring claims against the police department, Plaintiff has failed to state a plausible claim based on a custom or policy or failure to train.

### E. Claims Relating to Failure to Investigate and Unlawful Warrant and Arrest

The Fourth Amendment to the Constitution of the United States provides:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. Const., amend. IV.

Warrantless searches would violate the Fourth Amendment unless the search falls within an exception to the Fourth Amendment's warrant requirement.  See United States v. Ojeda, 276 F.3d 486, 488 (9th Cir. 2002) (citing Katz v. United States, 389 U.S. 347, 357 (1967)).  "A claim for unlawful arrest is cognizable under § 1983 as a violation of the Fourth Amendment, provided the arrest was made without probable cause or other justification."  Dubner v. City & Cty. of San Francisco, 266 F.3d 959, 964 (9th Cir. 2001).  "Probable cause to arrest exists when officers have knowledge or reasonably trustworthy information sufficient to lead a person of reasonable caution to believe that an offense has been or is being committed by the person being arrested."  United States v. Lopez, 482 F.3d 1067, 1072 (9th Cir. 2007).  "While conclusive evidence of guilt is of course not necessary under this standard to establish probable cause, [m]ere suspicion, common rumor, or even strong reason to suspect are not enough."  Id. (internal quotations and citation omitted) (alteration in original).

Plaintiff has not provided facts to support a claim of unlawful search or unlawful arrest against any Defendant.  First, Plaintiff would fail to state a claim for unlawful arrest because he specifically states he was arrested by a bounty officer, not named as a Defendant, pursuant to a warrant.  "The Fourth Amendment requires law enforcement officers to have probable cause to make an arrest if they do not have an arrest warrant."  Braden v. Los Angeles Police Dep't, No. CV 16-7633 JVS(JC), 2017 WL 78467, at *3 (C.D. Cal. Jan. 9, 2017) (citing Beck v. Ohio, 379

U.S. 89, 91 (1964)); see also Blankenhorn v. City of Orange, 485 F.3d 463, 476 (9th Cir. 2007) (Stating it was "clearly established long ago that an officer may not conduct a warrantless arrest absent probable cause.").

While Plaintiff did not directly name a judge in the complaint, to the extent Plaintiff alleges the warrant was not based on probable cause, or was improperly issued because of an incorrect social security number,[3] Plaintiff is advised that judges are immune from liability under § 1983 when they are functioning in their official capacities under proper jurisdiction. See Imbler v. Pactman, 424 U.S. 409, 427 (1976); see also Olsen v. Idaho State Bd. of Medicine, 363 F.3d 916, 922 (9th Cir.2004) ("Absolute immunity is generally accorded to judges and prosecutors functioning in their official capacities"); Ashelman v. Pope, 793 F.2d 1072, 1075-77 (9th Cir.1986) (noting that judges are generally immune from § 1983 claims except when acting in "clear absence of all jurisdiction . . . or performs an act that is not 'judicial' in nature," and prosecutors are generally immune unless acting without "authority") (internal citations omitted); Walters v. Mason, No. 215CV0822KJMCMKP, 2017 WL 6344319, at *2 (E.D. Cal. Dec. 12, 2017) (same); Forte v. Merced Cty., No. 1:15-CV-0147 KJM-BAM, 2016 WL 159217, at *12–13 (E.D. Cal. Jan. 13, 2016) ("prosecutorial immunity protects eligible government officials when they are acting pursuant to their official role as advocate for the state"), report and recommendation adopted, No. 1:15-CV-0147-KJM-BAM, 2016 WL 739798 (E.D. Cal. Feb. 25, 2016); Torres v. Saba, No. 16-CV-06607-SI, 2017 WL 86020, at *3–4 (N.D. Cal. Jan. 10, 2017). Where a prosecutor acts within his authority " 'in initiating a prosecution and in presenting the state's case,' absolute immunity applies." Ashelman, 793 F.2d at 1076 (quoting Imbler, 424 U.S. at 431). This immunity extends to actions during both the pre-trial and posttrial phases of a case. See Demery v. Kupperman, 735 F.2d 1139, 1144 (9th Cir. 1984).

Further, as the Court found above, Plaintiff's bare factual allegations against the Defendant officers do not satisfy the requirements of Rule 8. The facts presented do not give rise to a claim for falsification of police records, nor for false arrest or false imprisonment based on

---

[3] While Plaintiff claims the social security number was off by one number, Plaintiff does not claim that he was not meant or understand to be the proper subject or target of the warrant for the alleged crime, despite his claims that the investigation was improper or biased.

such bare allegation of a failure to properly investigate.

Individuals have a constitutional due process right "not to be subjected to criminal charges on the basis of false evidence that was deliberately fabricated by the government." Devereaux v. Abbey, 263 F.3d 1070, 1074-75 (9th Cir. 2001) (en banc). To establish such a due process violation, a plaintiff must, at a minimum, allege either: (1) that government officials continued their investigation "despite the fact that they knew or should have known that [Plaintiff] was innocent;" or (2) "used investigative techniques that were so coercive and abusive that [they] knew or should have known those techniques would yield false information." Cunningham v. Perez, 345 F.3d 802, 811 (9th Cir. 2003) (quoting Devereaux, 263 F.3d at 1076).

Other than generally stating that police officers believed another witness over Plaintiff when investigating an incident, Plaintiff fails to indicate in any specific detail how any officer mishandled any witness, or any specific evidence in a manner that demonstrates intentional falsification of any record or evidence. Plaintiff's bare conclusory allegations are not sufficient to establish a claim, and do not satisfy the requirements of Federal Rule of Civil Procedure 8 as the Court found above.

### F.  Equal Protection Claim

Plaintiff claims Defendants Bailey and Blanchard failed to investigate the incident and accepted the victim's version of events "due to racial bias against me." (Compl. 3.)

There are two ways for a plaintiff to state an equal protection claim. A plaintiff can state a claim for violation of the Equal Protection Clause, by showing "that the defendant acted with an intent or purpose to discriminate against him based upon his membership in a protected class." Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003). Intentional in this context means that the defendant acted, at least in part, because of the plaintiff's membership in a protected class. Serrano, 345 F.3d at 1082. Alternately, the plaintiff can state a claim by alleging that he was intentionally treated differently than similarly situated individuals and there was no rational basis for the difference in treatment. Thornton v. City of St. Helens, 425 F.3d 1158, 1167 (2005); Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000).

As found above, Plaintiff's complaint does not satisfy Rule 8. Here more specifically,

the Court finds that Plaintiff's "[t]hreadbare recital[]" "supported by [a] mere conclusory statement[]," of racial bias is insufficient to state a claim for an equal protection violation. See Iqbal, 556 U.S. at 678 (citation omitted).

### G. Official Capacity Suits

Plaintiff sues the officers in their official capacities. "The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007). The Eleventh Amendment does not bar claims for prospective injunctive relief against an officer of the state who acts in his official capacity. Flint v. Dennison, 488 F.3d 816, 825 (9th Cir. 2007); Cerrato v. San Francisco Cmty. Coll. Dist., 26 F.3d 968, 973 (9th Cir. 1994).

A suit brought against government officials in their official capacity is generally equivalent to a suit against the government itself. McRorie v. Shimoda, 795 F.2d 780, 783 (9th Cir. 1986). Therefore, officials may be held liable if "'policy or custom' . . . played a part in the violation of federal law." McRorie, 795 F.2d at 783 (quoting Kentucky v. Graham, 473 U.S. 159, 166 (1985); Hafer v. Melo, 502 U.S. 21, 25 (1991). The official may be liable where the act or failure to respond reflects a conscious or deliberate choice to follow a course of action when various alternatives were available. Clement v. Gomez, 298 F.3d 898, 905 (9th Cir. 2002) (quoting City of Canton v. Harris, 489 U.S. 378, 389 (1989).

### H. Insufficient Legal Assistance

Plaintiff claims he was not afforded the right to competent legal assistance. The police department and police officers have no duty or obligation to provide Plaintiff with legal assistance or legal counsel. Plaintiff has made no claim or presented facts pertaining to a defendant that refused to provide legal counsel or denied a request for the appointment of a public defender.

Accordingly, Plaintiff has not stated any cognizable claim to his accusation that he was not provided with competent legal assistance.

### I. The 911 Call

Plaintiff avers to an allegation that the 911 officer that answered the original call refused to send assistance before he was hit by the vehicle. (Compl. 5.) Ordinarily, a government

12

agency's failure to protect an individual from a harm inflicted by a person not acting under color of law will not give rise to liability under section 1983. Shanks v. Dressel, 540 F.3d 1082, 1087 (9th Cir. 2008). Plaintiff has insufficiently pled any facts that would support a claim for failure to protect.

## IV.

## CONCLUSION AND ORDER

Plaintiff has failed to state a cognizable claim for a violation of his federal rights in this action. Plaintiff shall be granted leave to file an amended complaint to cure the deficiencies identified in this order. See Lopez, 203 F.3d at 1127.

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted). Further, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa Cnty., 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Based on the foregoing, IT IS HEREBY ORDERED that:

1. The Clerk's office shall send Plaintiff a complaint form;

2. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;

3. Plaintiff's amended complaint shall not exceed twenty-five (25) pages in length and must be double spaced using font similar to the instant order; and

4. <u>If Plaintiff fails to file a first amended complaint in compliance with this order, the Court will recommend to the district judge that this action be dismissed, with prejudice, for failure to obey a court order, failure to prosecute, and for failure to state a claim</u>.

IT IS SO ORDERED.

Dated: **February 10, 2022**

_____
UNITED STATES MAGISTRATE JUDGE